**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIC LOGG; KELLY LOGG; RYAN LUNDBERG; RAULIN ALVIOR; ROBIN EGNATIOS; ANDREW JONES; GRACE JONES; MELVIN THOMAS; NICHOLAS HURST; KAYLIN JORDAN; MIKHAIL JORDAN; KRISTEN REW; STEVEN ROGERS; WILLIAM SERO; MICHELLE SERO; RENATO ANTONIO; RICHARD DAVIS, AKA Rick Davis; HEATHER DAVIS; CARL HENDRIX; SUSANA HENDRIX, Washington residents,<br><br>        Plaintiff-ctr-defendants - Appellants,<br><br>  v.<br><br>UNITED SPECIALTY INSURANCE COMPANY, a foreign insurer,<br><br>        Defendant - Appellee,<br><br>and<br><br>BANKERS INSURANCE COMPANY, a foreign insurer, NEVADA CAPITAL INSURANCE COMPANY, a foreign insurer, NAVIGATORS SPECIALTY INSURANCE COMPANY, a foreign | No. 24-5334<br><br>D.C. No.<br>3:21-cv-05280-DGE<br><br>MEMORANDUM[*] |

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

insurer, CONTRACTORS BONDING AND INSURANCE COMPANY, a foreign insurer, NAUTILUS INSURANCE COMPANY, a foreign insurer, ATLANTIC CASUALTY INSURANCE COMPANY, a foreign insurer,

　　　　　Defendants,

TIG INSURANCE COMPANY, by merger to successor in interest American Safety Indemnity Company,

　　　　　Defendant-ctr-claimant - Appellee.

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted November 17, 2025
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Appellants appeal the district court's grant of summary judgment in favor of appellee TIG Insurance Company ("TIG"). Appellants are homeowners who purchased homes in the Vintage Hills housing development, built by general contractor Highmark Homes LLC ("Highmark"). Highmark held a commercial general liability insurance policy from TIG. The homes suffered several construction defects, and appellants sued Highmark in an underlying construction defect lawsuit. As part of the parties' settlement in that case, Highmark assigned its claims against

TIG to appellants. Thus, in the instant case, appellants sued TIG in their capacity as assignees of Highmark. They allege that in their underlying litigation against Highmark, TIG (1) breached its duty to indemnify Highmark, (2) breached its duty to defend Highmark, and (3) acted in bad faith in its defense of Highmark. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment and its interpretations of state contract law and an insurance policy. *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018); *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). A federal court sitting in diversity jurisdiction applies the substantive state law of the forum state. *Freund v. Nycomed Amersham,* 347 F.3d 752, 761 (9th Cir. 2003). Washington substantive law thus applies here.

1.     TIG is entitled to summary judgment on appellants' claim that TIG breached its duty to indemnify Highmark.  Under Washington law, an insurer must indemnify its insured only when the insurance policy covers the conduct giving rise to the insured's liability. *Am. Best Food, Inc. v. Alea London, Ltd*., 229 P.3d 693, 696 (Wash. 2010) (en banc). Here, the insurance policy contained a "Condominium, Apartment, Townhouse or Tract Housing Coverage Limitation Endorsement" ("CATT exclusion") that precludes coverage for property damage caused by the insured's work on any "housing project or development that includes the construction, repair or remodel of twenty-five (25) or more residential buildings . . .

in any or all phases of the project or development." Neither party disputes that Highmark built twenty-five homes in the Vintage Hills development.

Appellants argue that the exclusion does not apply unless Highmark built twenty-five homes in a single policy period. But the plain language of the CATT exclusion does not support this argument, and adopting appellants' interpretation requires us to read language into the policy, which we cannot do when the contract is clear and unambiguous. *See Xia v. ProBuilders Specialty Ins. Co.*, 400 P.3d 1234, 1240 (Wash. 2017) (en banc) ("[W]here the policy language is clear and unambiguous, the court will not modify the contract or create ambiguity where none exists."). The plain language of the exclusion precludes coverage if the insured built twenty-five or more homes in a development, regardless of how many homes the insured built in any single policy period. *See Hay v. Am. Safety Indem. Co.*, 270 F. Supp. 3d 1252, 1259 (W.D. Wash. 2017), *aff'd*, 752 F. App'x 460 (9th Cir. 2018) ("[Plaintiffs] assert that the construction of the homes at issue took place over more than a single policy year, so the exclusion doesn't apply. The plain language of the policy doesn't support this interpretation." (citation omitted)); *Becker v. TIG Ins. Co.*, 649 F. Supp. 3d 1065, 1075 (W.D. Wash. 2022) ("The plain language of the exclusion does not suggest that it applies only if 25 or more homes are completed within a single policy year.").

Appellants' remaining arguments that the CATT exclusion violates

Washington law are unavailing. The exclusion does not violate statutory requirements that "insurance contracts shall contain such standard provisions as are required by the applicable chapters of the code," and that "[n]o insurance contract shall contain any provision inconsistent with or contradictory to any such standard provision." Wash. Rev. Code § 48.18.130(1)-(2). Appellants fail to identify a required standard provision that is lacking from the policy or a term in the policy that contradicts a standard provision. Appellants likewise fail to identify evidence that supports their claim that the CATT exclusion violates public policy because it has no relation to increased risk and deprives innocent victims of coverage.

2.      TIG is also entitled to summary judgment on appellants' claim that TIG breached its contractual duty to defend Highmark. An insurer must defend its insured if "the policy could *conceivably* cover allegations in a complaint." *Xia*, 400 P.3d at 1240. To the extent appellants argue that TIG breached its contractual duty to defend, there does not appear to be any factual dispute that TIG did not withdraw its defense until the underlying litigation concluded. Thus, as the district court concluded, TIG did not breach its contractual duty to defend Highmark.

3.      We decline to reach the merits of appellants' bad faith claims because they were not raised before the district court on summary judgment. Appellants argue that TIG committed bad faith in the underlying litigation by (1) "firing" their original defense counsel and hiring separate counsel; (2) hiring incompetent counsel;

and (3) failing to make a settlement offer. But appellants did not pursue these theories in the district court. Indeed, after the parties filed cross motions for summary judgment, appellants moved for leave to amend their complaint to include these theories of bad faith, but the district court denied the motion. Because appellants did not sufficiently raise the arguments for the district court to rule on them at summary judgment, we decline to address them in the first instance on appeal.[1] *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1996).

**AFFIRMED.**

---

[1] Because this case involves a straightforward application of state law and does not present any of the concerns that ordinarily warrant certification, *see Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003), appellants' motion to certify to the Washington Supreme Court, **Dkt. 11,** is **DENIED**.

24-5334